UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN TURNER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL INCOME LIFE INSURANCE COMPANY; and Does 1-20.<br><br>Defendant. | CASE NO.  5:21-CV-0003 (BKS/TWD)<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JOHN TURNER (hereinafter referred to as "Plaintiff"), hereby submit their Class and Collective Action Complaint against Defendant NATIONAL INCOME LIFE INSURANCE COMPANY ("NILICO"), and DOES 1-20 ("Defendant"), on behalf of himself and the class of all other similarly situated current and former employees and common law employees of Defendant as follows:

## INTRODUCTION

1. This complaint challenges systemic illegal employment practices resulting in violations of the Fair Labor Standards Act and New York Labor Laws ("NYLL").

2. Plaintiff alleges that Defendant misclassified insurance and annuities salespeople ("Agents") as "independent contractors" when the true classification should have been that of "employee."  Plaintiff also alleges that Defendant required its Agents to engage in a prolonged training period as "Trainees" during which Trainees were not paid even though they were performing work for Defendant.

3. Plaintiff seeks relief on behalf of himself and all similarly situated employees.

4. Plaintiff is informed and believed and based thereon alleges that Defendant has engaged in, among other things a system of willful violations of the FLSA and the NYLL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper because Defendant does business in New York State and maintains its principal place of business within this district. In addition, the acts and omissions complained of in this Complaint took place in part within this district.

## PARTIES

*Plaintiff*

7. Plaintiff John Turner is a resident of Madison County, New York. He was hired by Defendant as a Trainee in 2014, and after training, worked for Defendant as an Agent and then as a Supervising Agent until 2017.

8. Plaintiff attended unpaid on-site training by Defendant and its employees at Defendant's offices. Plaintiff reported to Defendant's employees directly. Plaintiff also underwent training by Defendant's employees in the field as part of Defendant's life insurance training program.

9. During the training period, Plaintiff was not paid any wages.

10. Plaintiff was also required to pay to take training classes and a licensing exam for which he was never reimbursed by Defendant. He was required to purchase and or use his own laptop for his work and pay for additional software that Defendant deemed necessary. Plaintiff was also required to use his own cell phone to schedule appointments as part of his work for Defendant.

11. Plaintiff was misclassified by Defendant as an Independent Contractor and not paid appropriate wages (including payment that did not exceed the minimum wage at times and failure to pay overtime) and was not reimbursed for his expenses. Defendant withheld commissions from Plaintiff and did not pay him all commissions owed during the course of his employment.

*Defendant*

12. Defendant National Income Life Insurance Company is a wholly owned subsidiary of American Income Life Insurance Company and was engaged in, *inter alia*, the sales of life insurance and annuities within New York State.

13. NILICO maintains its principal place of business in Syracuse, NY.

14. At all times herein mentioned, each of the Defendants participated in the doing of

the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15. Plaintiff are informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

19. This class and collective action is brought on behalf of all Trainees and Agents of Defendant who were not paid for their training time and/or improperly classified and not paid minimum wages or overtime within New York State.

20. At times relevant, Defendant represented to Plaintiff and other Agents that they were and are independent contractors not employees and that their training was appropriately

categorized as unpaid training time, rather than employment.

21. Plaintiff and other Trainees and Agents, under the law, are/were employees of Defendant at times relevant and not independent contractors.

22. Plaintiff, and on information and belief other Trainees and Agents, relied on Defendant's statements and representations that they were independent contractors, and did so to their detriment and with justifiable reliance on Defendant's representations. Plaintiff and other Trainees and Agents on information and belief, have suffered the damages and injuries alleged and Defendant's misrepresentations are/were the proximate and direct cause of these injuries and damages.

23. Plaintiff and members of the plaintiff classes and collective seek unpaid wages, penalties and other compensation from Defendant for the relevant time period because Defendant improperly:

   a. Misclassified Plaintiff and the other members of the plaintiff classes and collective as Independent Contractors instead of Employees and failed to pay them the applicable minimum wage;

   b. Misclassified Plaintiff and the other members of the plaintiff classes and collective as Independent Contractors instead of Employees and failed to pay them applicable overtime wages; and

   c. Failed to reimburse Plaintiff and other members of the plaintiff classes and collective for business expenses, further exacerbating their failure to pay applicable minimum and overtime wages.

24. Defendant exercises sufficient control over its Trainees and Agents such that Trainees and Agents are not persons who render services for a specified recompense for a specified result, solely under the control of his principal as to the result of his work only, and solely as to the means by which such result is accomplished.

25. Trainees and Agents, including Plaintiff's job duties were directed by Defendant.

26. Defendant required Trainees, including Plaintiff, to be on-site or shadowing Agents during certain hours and they did not have the ability to make their own decisions regarding

schedules or other specifics of the job. Rather, they were under the direction and control of Defendant.

27. Plaintiff, and other Trainees, were required to work on-site at AIL and to attend training courses in its offices. Trainees were also required to "shadow" employees of Defendant in the field performing tasks relating to the sales of life insurance. Some of these days lasted in excess of 12 hours.

28. Defendant controls the method and means of Trainees' and Agents' work including that of Plaintiff and not merely the result of the work.

29. Defendant, not Trainees and Agents, controls Trainees' and Agents recompense, determining the hourly rate of pay, the payment and invoicing dates, whether additional hours sought to be paid will actually be paid, what items are reimbursable, and the fact that Trainees, not Defendant, shall pay Defendant's side of employment taxes and other business-related expenses.

30. Plaintiff is unable to ascertain his actual hourly rate during training because they never received a single paystub that reflected her applicable hourly rate, total hours worked, gross wages earned, or net wages earned; however, the hourly rate for Plaintiff and the members of the plaintiff classes were set by Defendant.

31. Defendant dictated the allotted amount of time its Trainees spent in the field or on-site at the NILICO office. Defendant had a uniform policy of failing to pay minimum wage or all overtime worked by the employees.

32. Plaintiff and other Trainees and Agents, at all relevant times worked under and subject to the control of Defendant as set forth in Defendant's numerous policies, practices and procedures.

33. Plaintiff believe and thereon allege that Trainees and Agents were directed to adhere to Defendant's policies and protocols.

34. Plaintiff and other Trainees and Agents were and are non-exempt employees as no exemption applies, under the combination of the duties and salary tests, including but not limited to the outside sales, inside sales, administrative, executive and professional exemptions.

35. Defendant does not maintain the required employment records of their Independent

Contractors due to the fact that Defendant misclassifies them.

36. Plaintiff is informed and, on that basis, believes that all other similarly situated employees of Defendant were under the same circumstances and conditions as him. Specifically, all other similarly situated employees were misclassified as Independent Contractors instead of hourly employees with applicable hourly rates and did not receive any minimum wage pay, overtime pay for overtime hours worked, and were not paid all commissions owed.

37. Plaintiff alleges that he and the members of the plaintiff class were not paid for overtime on a routine basis.

38. Defendant misclassified Plaintiff and plaintiff class members as independent contractors and therefore they did not receive overtime compensation for all hours worked in excess of 40 hours per week.

39. As a matter of policy and/or practice, Defendant routinely suffered or permitted Plaintiff and plaintiff class members to work portions of the day during which they were subject to Defendant's control and failed to compensate them, including by failing pay all commissions owed.

40. Accordingly, Defendant failed to properly record the actual hours worked by Plaintiff and members of the plaintiff class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

41. Plaintiff is informed and believe and based thereon allege that Defendant are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of the wage and hour laws of New York State and the FLSA.

42. Plaintiff is informed and believe and based thereon allege that at all relevant times, Defendant had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiff, for all hours worked, including overtime.

## CLASS ACTION ALLEGATIONS

43. Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

44. Plaintiff bring this action on behalf of himself and all others similarly situated as a

class action, pursuant to Federal Rule of Civil Procedure 23. The classes which Plaintiff seek to certify and represent are composed of, and defined as follows:

### Class Definition

All individuals employed by Defendant within the state of New York as Insurance Agent Trainees and/or Insurance Agents or likewise from six years prior to February 13, 2020 through the date of judgment in this action.

45. Plaintiff Turner seeks to represent the Class.

46. The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is informed and believe that the classes include potentially hundreds of members.

47. Common questions of law and fact exist as to all members of the Class, which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

   a. Whether the members of the Class should have been classified as employees instead of independent contractors;

   b. Whether Defendant failed to pay minimum wage and/or overtime compensation to the members of the Class by virtue of Defendant's misclassification of the Class Members; and

   c. Whether Plaintiff and members of the Classes sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief.

48. The claims of the named Plaintiff are typical of the claims of the members of the Class. Plaintiff and other class members sustained losses, injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of

losses, injuries, and damages as were suffered by other members of the proposed class.

49. Plaintiff is an adequate representatives of the proposed Class because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intends to prosecute this action vigorously for the benefit of the Class. The interests of the Class Members will fairly and adequately be protected by Plaintiff and their attorneys.

50. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff hereby incorporate each and every allegation contained above and reallege said allegations as if fully set forth herein.

52. Plaintiff brings his FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of the following Class of persons (hereinafter the "FLSA Class" or "FLSA Collective"):

> **FLSA Collective**
>
> All individuals employed by Defendant within the state of New York as Insurance Agent Trainees and/or Insurance Agents or likewise from three years prior to February 13, 2020 through the date of judgment in this action.

53. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

54. All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendant is required to maintain by law, including but not limited to employee time clock reports and payroll records.

55. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required wages including overtime wages. The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs. Plaintiff alleges that during the FLSA Class Period, he:

(A) resided in the United States of America;

(B) was employed as a "non-exempt" employee of Defendant in New York within the three years preceding the filing of the complaint herein;

(C) routinely worked more than 40 hours a week;

(D) did not receive all overtime compensation for all hours worked over 40 hours in any given week;

(E) worked regular hours for which he received no pay whatsoever;

(F) is a member of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and

(G) shall file a consent to join in this court.

56. Other non-exempt current or former employees of Defendant should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees notice of the action and allow them to opt in to such an action if they so choose.

57. This Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective members are readily ascertainable. For purpose of notice and other purposes related to this action, their names and

addresses are readily available from Defendant. Notice can be provided to the FLSA Collective members via first class mail to the last addresses known to Defendant.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN VIOLATION OF THE NEW YORK LABOR LAW

### (By Plaintiff Turner and Proposed Members of the New York Class Against Defendant)

58. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

59. At all relevant times Plaintiff Turner and the New York Class Members have been covered by the NYLL.

60. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendant and protect Plaintiff Turner and the Class Members.

61. Defendant willfully failed to pay Plaintiff Turner and the Class Members the minimum hourly wages and overtime to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

62. Defendant unlawfully required Plaintiff Turner and the New York Class Members to pay for work related expenses in violation of the New York Labor Law, Article 19, § 193, further exacerbating Defendant failure to pay the minimum wage and overtime wages.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (By Plaintiff and Proposed Members of the FLSA Collective Against All Defendant)

63. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

64. The Fair Labor Standards Act, 29 U.S.C. §201, *et. seq*., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation. (29 C.F.R. § 778.223 and 29 C.F.R. § 778.315.) This Court has jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

65. Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. § 201, *et. seq*. (the "FLSA"), on behalf of all persons who were, are, or will

be employed by Defendant and misclassified as Independent Contractors during the period commencing three years prior to February 13, 2020 to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked. To the extent additional tolling either by agreement of the parties, order of the Court, or equitable principles operates to toll claims by the against the collective employees against the Defendant, the collective statute of limitations and relevant period should be adjusted accordingly.

66. This Collective Action by similarly situated persons under 29 U.S.C. § 216(b) is based upon the failure of the named Defendant to reimburse the named Plaintiff and the FLSA Plaintiff Class for certain transportation expenses that the named Plaintiff and the FLSA Plaintiff Class seek to represent paid when those expenses were primarily for the benefit of the named Defendant.

67. Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

    a.    Whether Defendant's policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

    b.    Whether Defendant failed to adequately compensate collective employees for expenses incurred for the direct benefit of Defendant as required by the FLSA;

    c.    Whether Defendant's policies and practices were to write down the time worked by Plaintiff and collective employees;

    d.    Whether Defendant failed to include all remuneration in calculating the appropriate rates overtime and straight time;

    e.    Whether Defendant should be enjoined from continuing the practices which violate the FLSA; and

    f.    Whether Defendant is liable to the collective employees.

68. The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), for all

claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

69. Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendant's common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

70. Defendant is engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

71. 29 U.S.C. § 225 provides a three-year statute of limitations applies to willful violation of the FLSA. The conduct by Defendant which violated the FLSA was willful.

72. Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*., Plaintiff and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

73. Plaintiff and collective employees were not paid for all hours worked up to forty (40) in a workweek, and Plaintiff and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.

74. For the purposes of the Fair Labor Standards Act, the employment practices of Defendant were and are uniform throughout New York State in all respects material to the claims asserted in this Complaint.

75. Upon information and belief, at all relevant times, Defendant had an annual gross volume of sales in excess of $500,000.

76. Defendant violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

77. As a result of Defendant's failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

78. Plaintiff, therefore, demands that he and collective employees be paid for all hours worked including overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was not compensated, plus liquidated damages, interest and statutory costs as provided by law.

79. Defendant did not act in a good faith effort to comply with the provisions of the FLSA.

80. As a result of the willful actions of the named Defendant in reckless disregard of the rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff and the members of the FLSA Plaintiff Class have suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the Plaintiff Class and Collective, prays for judgment against Defendant as follows:

1. For an order certifying the proposed Class and appointing Plaintiff as Class Representative;

2. For nominal damages;

3. For equitable relief, in the nature of declaratory relief;

4. For liquidated damages and other applicable penalties pursuant to the FLSA and the NYLL.

5. For interest as permitted by statute;

7. For costs of suit and expenses incurred herein as permitted by statute;

8. For attorney's fees as permitted by statute; and

9. For all such other and further relief that the Court may deem just and proper.

DATED:  January 4, 2021                    **BRADLEY/ GROMBACHER, LLP**

                                              By: */s/ Kiley L. Grombacher*
                                                    Marcus J. Bradley, Esq.
                                                    Kiley L. Grombacher, Esq.
                                                    Robert N. Fisher, Esq.
                                                    *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demand a trial by jury on all issues so triable as a matter of right.

DATED:  January 4, 2021              **BRADLEY/GROMBACHER, LLP**

                                          By: /s/ Robert N. Fisher
                                                 Robert N. Fisher

                                                 Marcus J. Bradley, Esq.
                                                 (*pro hac vice* motion forthcoming)
                                                 Kiley L. Grombacher, Esq.
                                                 (*pro hac vice* motion forthcoming)
                                                 31365 Oak Crest Dr., Suite 240
                                                 Westlake Village, California 91361
                                                 Telephone: (805) 270-7100
                                                 Facsimile: (805) 270-7589
                                                 mbradley@bradleygrombacher.com
                                                 kgrombacher@bradleygrombacher.com

                                                 Robert N. Fisher, Esq.
                                                 477 Madison Avenue, Suite 6000
                                                 New York, NY 10022
                                                 Telephone: (805) 270-7100
                                                 rfisher@bradleygrombacher.com

                                                 *Attorneys for Plaintiff and the Proposed Class and Collective*